UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERA HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>NEWPORT COVE CONDOMINIUM UNIT OWNERS' ASSOCIATION, INC., et al.,<br><br>Defendant(s). | Case No. 2:17-CV-474 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Newport Cove Condominium Unit Owners' Association, Inc.'s ("the HOA") motion to dismiss. (ECF No. 23). Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and Nationstar Mortgage LLC ("Nationstar") filed a response (ECF No. 30), to which the HOA replied (ECF No. 31).

Also before the court is plaintiffs' first motion for summary judgment. (ECF No. 58). The HOA and Daly Management Corporation, ("Daly") filed responses (ECF Nos. 60, 61), to which plaintiffs filed a reply, (ECF No. 64).

Also before the court is plaintiffs' second motion for summary judgment. (ECF No. 65). The HOA and Daly filed responses. (ECF Nos. 68, 69), to which plaintiffs replied (ECF No. 71).

Also before the court is the HOA's motion for summary judgment. (ECF No. 66). Plaintiffs filed a response. (ECF No. 67).

Also before the court is plaintiffs' stipulation for extension of time for the parties to file replies in support of their respective motions for summary judgment. (ECF No. 70).

. . .

**James C. Mahan**
**U.S. District Judge**

**I.  Introduction**

This action involves the parties' interests in real property located at 1611 Bluegill Way, Unit A, Henderson, Nevada, 89104 ("the property"). (ECF No. 1).

*a. Plaintiffs' interest in the property*

On March 13, 2007, Edward McHale obtained title to the property via deed, which was recorded on March 20, 2007. *Id.* On March 13, 2007, McHale obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") for $134,000 to purchase the property. *Id.* McHale executed a promissory note in favor of Countrywide, as well as a deed of trust to secure repayment of the loan. *Id.*; (ECF No. 58-1). The deed of trust, recorded on March 20, 2007, listed Countrywide as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. (ECF No. 1); (ECF No. 58-1).

Plaintiff Freddie Mac alleges that it acquired ownership of the loan, including the note and deed of trust on April 2, 2007. (ECF No. 1). Plaintiffs attached to their first motion for summary judgment a copy of a printout from Freddie Mac's MIDAS system pertaining to its purchase of the loan. *See* (ECF No. 58-2). Pursuant to the printout, plaintiff Freddie Mac acquired an ownership interest on April 2, 2007. *See id.*

On February 15, 2012, MERS executed a corporate assignment of deed of trust, naming Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, L.P. ("BOA") as beneficiary. (ECF No. 1); (ECF No. 58-3). On March 27, 2013, BOA assigned the deed of trust to Nationstar (which was recorded on June 12, 2013). (ECF No. 1); (ECF No. 58-4). Nationstar is the authorized servicer of the loan for Freddie Mac.[1] (ECF No. 1).

*b. Defendants' interest in the property*

On September 30, 2010, Alessi & Koenig, LLC ("Alessi"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, asserting an outstanding amount owed of $1,495. *Id.* On December 13, 2010, Alessi, acting on behalf of the HOA, recorded a release of notice of

---

[1] For the governing documents of Freddie Mac's service agreement with Nationstar ("the Guide"), *see* (ECF No. 58-2).

delinquent assessment lien. *Id.* Plaintiff alleges the HOA never recorded another notice of delinquent assessment lien. *Id.*

On August 9, 2013, the HOA recorded a notice of default and election to sell, asserting an outstanding amount owed of $2,854.84. *Id.* On February 27, 2014, the HOA recorded a notice of foreclosure sale, listing an amount owed of $4,773.52. *Id.*

On May 21, 2014, the HOA foreclosed against the property. *Id.* RBBE Real Estate Investments, LLC, ("RBBE") purchased the property at the foreclosure sale for $11,000. *Id.* The foreclosure deed was recorded on August 28, 2014. *Id.* On October 2, 2014, Daly acquired an interest in the property via quitclaim deed from RBBE. *Id.*

*c. Plaintiffs' complaint and Daly's counterclaims*

Plaintiffs challenge defendants' conduct surrounding the May 21, 2014, HOA foreclosure sale and seek to preserve their pre-sale interest in the property. *Id.* Plaintiffs allege the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j) against RBBE and Daly; (2) quiet title under 12 U.S.C. § 4617(j) against RBBE and Daly; (3) declaratory relief pursuant to the Fifth and Fourteenth Amendments by Nationstar against all defendants; (4) quiet title pursuant to the Fifth and Fourteenth Amendments by Nationstar against RBBE and Daly; (5) declaratory relief by Nationstar against all defendants; (6) breach of NRS 116.1113 by Nationstar against the HOA; (7) wrongful foreclosure by Nationstar against the HOA and (8) injunctive relief by Nationstar against Daly. *Id.*

On May 16, 2017, Daly filed an answer to plaintiffs' complaint and counterclaims against plaintiffs. (ECF No. 34). Daly alleges the following counterclaims: (1) declaratory relief/quiet title pursuant to 28 U.S.C. § 2201 and NRS 116.3116 et seq; and (2) unjust enrichment. *Id.*

**II. Legal Standard**

*a. Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate

and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

*b. Motion to dismiss for failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court will dismiss plaintiffs' first, third, and fifth causes of action, which request declaratory relief. "[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[2] As plaintiffs' first, third, and fifth causes of action request a remedy of declaratory relief, and are not substantive causes of action, the court will dismiss the claims to the extent they purport to create causes of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

Claim (8) of plaintiff's complaint will also be dismissed without prejudice, as a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

. . .

---

[2] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5. This court will grant defendant's motion to dismiss, but will consider the allegations within plaintiff's first and second causes of action to the extent they request the remedy of declaratory relief. The court does not see a practical difference between the two approaches.

*a. Motion for summary judgment*

In plaintiffs' first motion for summary judgment, plaintiffs argue that judgment in their favor is proper as to their claims for quiet title because the federal foreclosure bar preempts contrary state law. (ECF No. 58). The HOA argues that the FHFA impliedly consented to the foreclosure. (ECF No. 60). The HOA argues in the alternative that § 4617(j)(3) as applied violates the due process and takings clauses of the U.S. Constitution. *Id.*

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar

applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on April 2, 2007. (ECF No. 58-2). Further, an assignment of the deed of trust was recorded on March 27, 2013, that named Nationstar beneficiary. (ECF No. 58-4). Nationstar acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on May 21, 2014.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. The HOA argues that FHFA impliedly consented to the foreclosure. *See* (ECF No. 60 at 9–10). However, pursuant to the Ninth Circuit's recent decision in *Berezovsky*, implied consent is not applicable in this context, and the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust absent explicit consent. *See Berezovsky*, 869 F.3d at 929, 931.

The HOA argues that 12 U.S.C. § 4617(j)(3) is unconstitutional because in this case the statute violates the HOA's right to due process[3] and constitutes a taking without just compensation. (ECF No. 60). The HOA's due process argument was raised in *Skylights*. 112 F. Supp. 3d. at 1154. The court rejected the argument, noting "[t]he HOA's lien . . . is not extinguished by section 4617(j)(3) and does not lose its priority status, so the HOA is not deprived of its property interest."[4] *Id.*

---

[3] The HOA also argues that the statute violates Daly's right to due process. The HOA does not have standing to raise this argument on behalf of Daly. *See Berezovsky*, 869 F.3d at 927 n.2 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[4] The court in *Skylights* did note that "section 4617(j)(3) does prevent the HOA from selling the Property at foreclosure free and clear of Fannie Mae's Deed of Trust, and 'at some point a delay in the ability to exercise property rights may constitute a compensable taking.'" 112 F. Supp. 3d at 1154. However, the court rejected the argument that any "delay" in this case raised constitutional concerns, as the legislature's enactment of § 4617(j)(3) "provide[d] all the process that is due." *Id.* (quoting *Illusions-Dallas Private Club, Inc. v. Steen*, 482 F.3d 299, 304-05 (5th Cir. 2007)).

Here, the operation of § 4617(j)(3) does not deprive the HOA of its property interest. *See id.* Therefore the HOA's procedural due process and takings clause arguments are without merit. *See id.*

Daly filed a short response to plaintiffs' motion which asserts the same due process and takings arguments in a single sentence. *See* (ECF No. 61 at 2) ("FHFA Cannot deprive Daly of its interest in the Property without due process of law and any such deprivation would constitute a taking without just compensation."). The court holds that Daly has not demonstrated in its response that this case raises concerns regarding whether Daly's due process rights were violated. Further, Daly has not demonstrated in its response that it has a potentially meritorious takings clause argument.

Plaintiffs obtained their interest in the property prior to the alleged HOA foreclosure sale. As plaintiff Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, plaintiffs' interest in the property survived the alleged foreclosure. Plaintiffs are entitled to summary judgment on their quiet title claims and on Daly's counterclaims.[5]

    *b. Other outstanding motions*

The HOA filed a motion to dismiss plaintiffs' complaint for failure to state a claim. (ECF No. 23). Plaintiffs filed a second motion for summary judgment (on different grounds) (ECF No. 65), and the HOA filed a motion for summary judgment. (ECF No. 66). As the court will grant plaintiffs' first motion for summary judgment on their claims for quiet title for the reasons discussed above, it follows plaintiffs have stated claims upon which relief can be granted and that the HOA is not entitled to judgment as a matter of law. Therefore, the court will deny the HOA's motion to dismiss and the other outstanding motions for summary judgment. The court will deny the parties' stipulation for an extension of time (ECF No. 70) as moot.

. . .

. . .

---

[5] In light of the court's holding, the court will not address plaintiffs' breach of NRS 116.1113 claim or plaintiffs' wrongful foreclosure claim, which are pled in the alternative.

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' first motion for summary judgment (ECF No. 58) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 23) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's second motion for summary judgment (ECF No. 65) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 66) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' stipulation for extension of time (ECF No. 70) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs shall prepare a proposed judgment consistent with this order and submit it to the court within thirty (30) days of the date of this order.

DATED March 19, 2018.

_/s/ James C. Mahan_
UNITED STATES DISTRICT JUDGE