UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC and FEDERA HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff(s), <br><br> v. <br><br> NEWPORT COVE CONDOMINIUM UNIT OWNERS' ASSOCIATION, INC., et al., <br><br> Defendant(s). | Case No. 2:17-CV-474 JCM (NJK) <br><br> ORDER |

Presently before the court are Kung & Brown's ("K&B") motions to enforce attorney's lien (ECF No. 84) and to withdraw as counsel (ECF No. 83). K&B's client, defendant Daly Management Corporation ("Daly"), did not respond and the time to do so has passed.

**I.    BACKGROUND**

The court entered final judgment in this quiet title case in April 2018, ruling that Daly's interest in the COA property at issue was subject to plaintiffs' deed of trust. (J., ECF No. 74). Daly was represented by K&B in this matter and incurred $27,407.14 in attorney's fees and costs that remain unpaid. (ECF Nos. 84-1, 84-2). K&B first served a notice of attorney's lien on Daly on November 21, 2018, via email, first class mail, certified mail, and the court's e-filing system. (ECF No. 84 at 2). On January 16, 2019, Daly agreed to make $2,500 monthly payments starting in March 2019. (*Id*. at 3). K&B did not receive a payment from Daly until May 2019. (*Id.*). Daly then became unresponsive and made a second and final $1,000 payment in August 2019. (*Id.*).

K&B first moved to enforce an attorney's lien on January 26, 2019. (ECF No. 76). The court denied the motion without prejudice for noncompliance with the court's local rules. (ECF No. 82). K&B again moved to enforce its attorney's lien on October 27, 2020. (ECF No. 84). The court has entered an order pursuant to NRS 18.015(6) saying it would adjudicate K&B's motion in five days, giving all interested parties an opportunity to respond. (ECF No. 85). The time to respond has passed and the court will now rule on K&B's motions.

## II. LEGAL STANDARD

The court has ancillary jurisdiction over fee disputes generated by an attorney's withdrawal. *See Federal Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041, 731 (9th Cir. 2004). The court applies the law of the forum state to resolve such fee disputes. *Guerrero v. Wharton*, No. 2:16-cv-01667-GMN-NJK, 2019 WL 2814662, at *2 (D. Nev. June 17, 2019).

Nevada recognizes two types of attorney's liens: a charging lien and a retaining lien. Nev. Rev. Stat. § 18.015. A charging lien attaches to any affirmative recovery while a retaining lien attaches to the client's file or other property left in the attorney's possession. Nev. Rev. Stat. § 18.015(4); *see also Fredianelli v. Fine Carman Price*, 402 P.3d 1254, 1256 (Nev. 2017). The lien amount is any agreed-upon fee or, absent an agreement, "a reasonable fee for the services which the attorney has rendered." Nev. Rev. Stat. § 18.015(2). Attorney's liens may be enforced by the attorney, Nev. Rev. Stat. § 18.015(6), and reduced to a judgment. *Fredianelli*, 402 P.3d at 1256. To reduce a lien to judgment, the lien must be perfected and reflect a reasonable fee award. Nev. Rev. Stat. § 18.015(2)-(3).

## III. DISCUSSION

K&B seeks to enforce a $27,407.14 retaining lien and reduce it to judgment. (ECF No. 84 at 2). The court considers whether the lien was perfected, the agreed-upon fee, and the reasonableness of the fee award in turn.

"An attorney perfects a lien . . . by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." Nev. Rev. Stat. § 18.015(3). K&B served notice of the lien on Daly via email, first class mail,

**James C. Mahan**
**U.S. District Judge**

- 2 -

certified mail, and the court's e-filing system on November 21, 2018. (ECF No. 84 at 2). The specified lien amount in the notice was $17,227.94, the outstanding balance as of October 2018. (*Id.*). Its accompanying January 2019 motion to enforce the lien in that amount was denied without prejudice for noncompliance with the court's local rules. (ECF No. 82). The court clerk advised K&B to promptly refile its motion. (ECF No. 77).

Now almost three years later, K&B seeks to enforce a lien for $27,407.14 as Daly's unpaid fees accrue 10% monthly interest per the fee agreement. (ECF Nos. 84, 84-2). Yet K&B never rescinded the old notice or served a new one with the $27,407.14 amount. *See* Nev. Rev. Stat. § 18.015(3) (stating that the notice must "claim[ ]" the lien and state its amount); *Sipe v. Music Group of Las Vegas, LLC*, 2:20-cv-00299-JCM-BNW, ECF No. 50 (recommending the court reduce to judgment the amount claimed in the notice which differed from the amount in the accompanying enforcement motion). Thus, the court finds that K&B perfected a lien in the amount of $17,227.94 only.

This lien amount is the fee amount that Daly contractually agreed to. (Fee Agreement, ECF No. 84-1). Daly agreed to hourly rates of $450 for attorney's services, $125 for paralegal services, and if a monthly statement was not paid within 15 days, a 10% monthly late fee. (ECF No. 84-2). And while this agreed-upon fee controls the lien amount, Nev. Rev. Stat. § 18.015(2), the court will still assure itself that the agreed-upon fee is reasonable. *See Carter v. Liberty Ins. Corp.*, No. 2:19-cv-01779-APG-BNW, 2020 WL 8087915, at *2 n.1 (D. Nev. Dec. 8, 2020) (finding there was an agreed-upon fee and assessing the reasonableness of the fee based on the *Brunzell* factors)*; Fed. Nat'l Mortg. Ass'n v. Villagio Cmty. Ass'n*, No. 2:17-cv-01799-JAD-CWH, 2018 WL 6059512, at *2 (D. Nev. Oct. 30, 2018) (same).

The Nevada Supreme Court in *Brunzell* enumerated four factors to assess the reasonableness of fees: (1) the qualities of the advocate, including their training, education, experience, professional standing, and skill; (2) the character of the work to be done, including its difficulty, intricacy, importance, the time and skill required, the responsibility imposed, and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer, including the skill, time, and attention given to

**James C. Mahan**
**U.S. District Judge**

- 3 -

the work; and (4) the result, including whether the attorney was successful and the benefits derived. *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969).

The court has reviewed Ms. Spangler's extensive resume and K&B's itemized billing records. Her "usual and customary rate" assessed in the fee agreement is "consistent with other lawyers with her expertise." (ECF No. 84 at 5). K&B admits that this case was "not exceptionally difficult." (*Id.*). But as to the achieved result, even though title was quieted for plaintiffs, K&B "received an invitation from plaintiffs regarding a settlement offer to which Daly did not respond to, nor has Daly requested the filing of an appeal." (*Id.* at 6). On balance, the *Brunzell* factors indicate that $17,227.94 is a reasonable fee award.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that K&B's motion to enforce attorney's lien (ECF No. 84) be, and the same hereby is, GRANTED.

The clerk shall ENTER JUDGMENT for Kung & Brown in the amount of $17,227.94, the same being fees due for the legal services rendered and costs incurred by the said law firm to Daly in this action, together with interest thereon at the contractual rate of interest provided for in the parties' fee agreement, from the date of entry of judgment until paid in full, and all post-judgment costs.

IT IS FURTHER ORDERED that K&B's motion to withdraw as counsel (ECF No. 83) be, and the same hereby is, GRANTED pursuant to LR IA 11-6(b).

DATED July 8, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -